IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-027 |
| | ) | |
| SHERIFF CHRIS STEVENSON; LT. FNU MOON; OFC. 1; OFC. 2; OFC. 3; and OFC. 4, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Laurens County Jail in Dublin, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Telfair County Jail in McRae, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING OF THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names as Defendants: (1) Sheriff Chris Stevenson; (2) Lieutenant FNU Moon; and (3) OFC. #1-4. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was detained at Telfair County Jail from March 7 to March 12, 2019. (Id. at 6.) On March 7, 2019, Plaintiff complained to one of the jail officers on duty, who had no professional medical training, about his blood pressure and an open wound on his finger. (Id. at 5.) The officer measured Plaintiff's blood pressure to be 175/160. (Id.) Plaintiff received no medical treatment at the time. Additionally, Plaintiff's head was hurting, and his feet were swollen. (Id.) Plaintiff continued to complain over the next couple of days to Jane and John Doe officers, Defendants OFC. #1-4, stating his blood pressure was above normal, he was at a high risk of stroke, and he had severe headaches and foot swelling. (Id.) Plaintiff alleges the officers at Telfair County Jail had no medical training and there was no medical professional on call to handle medical situations. (Id.) Plaintiff also complained about Telfair County Jail having black mold and no ventilation system, being "non-habitable," and containing asbestos. (Id. at 8.)

From March 7 to March 10, 2019, Plaintiff's blood pressure was recorded to be as high as 208/180. (Id. at 5.) Lt. Moon said he would take Plaintiff to urgent care because of the high blood pressure readings but never did. (Id.) On March 11, 2019, a female jail officer took Plaintiff to urgent care, where a doctor prescribed Plaintiff an antibiotic for a sinus infection and blood pressure medication. (Id. at 8.)

Plaintiff filed a grievance and wrote a newspaper article regarding his medical treatment, complaining about black mold, his blood pressure, and the lack of medical staff at the jail. (Id. at 10.) Upon receiving Plaintiff's grievance, Sheriff Christ Stevenson retaliated against Plaintiff and transported him to Dodge County jail. (Id. at 2.) Plaintiff was not allowed to bring any of his personal property. (Id.) Plaintiff wrote to Sheriff Stevenson but received no response. (Id. at

2

11.)  Plaintiff's family then called Sheriff Stevenson, and Sheriff Stevenson stated he transferred Plaintiff because of the grievance and newspaper article written by Plaintiff.  (Id.)

For relief, Plaintiff requests Sheriff Stevenson be penalized and forced to resign as Sheriff of Telfair County.  (Id. at 7-8.)  Plaintiff also requests $25,000 in damages against Sheriff Stevenson in his official capacity and $10,000 in his individual capacity.  (Id.)  Plaintiff requests $25,000 in damages against Lt. Moon in his official capacity and $5,000 in his individual capacity for delaying medical care.  (Id.)  Lastly, Plaintiff requests $2,500 each from OFC. #1-4 in their official and individual capacities for delaying medical care.  (Id.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for

Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff alleges Defendants delayed treatment of his high blood pressure, headaches, and foot swelling. (Doc. no. 1, p. 5.) However, Plaintiff does not allege any injury resulted from the delay. He does not allege he suffered a stroke or any other injury made worse by the delay. The existence of high blood pressure, headaches, and foot swelling, themselves are not enough to state a claim because Plaintiff must show the delay had some detrimental effect. Hill, 40 F.3d at 1187-88 (requiring claims alleging delay in medical treatment must establish determinantal effect of delay), *overruled in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 730 (2002)). Further, Plaintiff received treatment from a physician, who took care of Plaintiff's ailments by prescribing two blood pressure pills and an antibiotic. (Doc. no. 1, p. 8.) Therefore, Plaintiff failed to state a claim for deliberate indifference against Defendants, and Lt. Moon and OFC. # 1-4 should be dismissed.

6

### 3. Plaintiff Fails to State Official Capacity Claims Against Defendants and May Not Sue Sheriff Stevenson for Injunctive Relief in His Official Capacity

Plaintiff sues Defendants "individually and in their official capacities." (Doc. no. 1, p. 8.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law and should be dismissed. Additionally, Plaintiff's requests Sheriff Stevenson be punished and resign from oath in his official capacity. (Doc. no. 1, p. 7.) However, the Eleventh Amendment bars a § 1983 official capacity claim for injunctive relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) ("And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.") (citing Cory v. White, 457 U.S. 85, 91 (1982)); see also Smith v. Dekalb County Jail, No. 1:13-cv-1629, 2014 WL 129509, at * 3 (N.D. Ga. Jan. 14, 2014) ("[T]he Eleventh Amendment bars a § 1983 federal action against the State of Georgia, whether for damages or injunctive relief." (citations omitted)). Therefore, Plaintiff's official capacity claims for injunctive relief against Sheriff Stevenson fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's official capacity claims for monetary relief against Defendants be **DISMISSED**, Plaintiff's official capacity claims for injunctive relief against Sheriff Stevenson be **DISMISSED**, Plaintiff's claims for deliberate indifference to a serious medical need be

**DISMISSED** for failure to state a claim upon which relief may be granted, and Lt. Moon and OFC. # 1-4 be **DISMISSED** from this case. In a companion order, the Court allows to proceed Plaintiff's First Amendment retaliation claims against Sheriff Chris Stevenson.

SO REPORTED and RECOMMENDED this 17th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA