FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 DEC -2 PM 4:05
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | * | |
| Plaintiff, | * | |
| v. | * | CV 319-027 |
| SHERIFF CHRIS STEVENSON; LT. FNU MOON; OFC. 1; OFC. 2; OFC. 3; and OFC. 4, | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is *pro se* Plaintiff Darrell Killens' motion for reconsideration. Plaintiff asks the Court to reconsider its dismissal of his Eighth Amendment deliberate indifference to medical need claim.

Plaintiff does not indicate which Federal Rule of Civil Procedure he relies on in his motion. A motion for reconsideration can be made pursuant to Rule 59 or Rule 60, Shaarbay v. State of Florida, 269 F. App'x 866, 867 (11th Cir. 2008), and, therefore, the Court must decide under which Rule the motion should be considered. See, e.g., Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011) (explaining how courts decide whether a motion for reconsideration should be decided under Rule 59(e) or Rule 60(b)). When a motion for reconsideration of a judgment is filed within the twenty-eight-day time period set forth in Rule 59(b), the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60. See Mahone v. Ray, 326 F.3d

1176, 1178 n.1 (11th Cir. 2003). Because Plaintiff filed his motion within twenty-eight days of the Court's Adoption Order, Plaintiff's motion will be construed as a Rule 59(e) motion.

Besides the difference in timing, Rule 59(e) allows courts to reconsider "matters encompassed in a decision on the merits of a dispute," making it a better fit for Plaintiff's motion. Shaarbay, 269 F. App'x at 867 (citation omitted); see also Mahone, 326 F.3d at 1178 n.1 (comparing Rule 59(e) to Rule 60). Rule 59(e) cannot, however, be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Relitigating old matters is exactly what Plaintiff does in his motion; he merely restates the allegations contained in the complaint concerning his high blood pressure and Defendants' alleged failure to provide him with medical treatment. Plaintiff sets forth no argument or evidence warranting reconsideration.

Upon the foregoing, Plaintiff's motion for reconsideration (doc. no. 26) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of December, 2019.

_____
UNITED STATES DISTRICT JUDGE