IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-027 |
| | ) | |
| SHERIFF CHRIS STEVENSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Telfair County Jail ("TCJ") in McRae, Georgia. Before the Court is Plaintiff's motion for a temporary restraining order, (doc. no. 25), and motion to reconsider the Court's November 12, 2019 Order, denying appointment of counsel, (doc. no. 31). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**.

## I. BACKGROUND

The only remaining Defendant is Chris Stevenson, Sheriff of Telfair County. (See doc. nos. 1, 19.) Plaintiff's only remaining claim against Sheriff Stevenson is for retaliatory transfer under the First Amendment, alleging Sheriff Stevenson transferred Plaintiff from TCJ to DCJ after Plaintiff filed a grievance and wrote a newspaper article, complaining about black mold, his blood pressure, and the lack of medical staff at TCJ. (See doc. nos. 1, 11, 19.)

On November 12, 2019, Plaintiff filed what is titled as an "Order to Show Cause for Preliminary Injunction and T.R.O." (Doc. no. 25.) Although Plaintiff styles the entire filing as a proposed order and not a proper motion, the Court construes his filing as a motion for temporary restraining order. Plaintiff states a temporary restraining order should be entered against Sheriff Stevenson and "each of their officers, agents[,] employers, and all persons acting in concert or participation with them" from violating Plaintiff's constitutional rights. (Id. at 2.) Plaintiff further states DCJ officials, not TCJ officials, shot him with a tazer twice, threatened additional criminal charges, and harassed him. (Id.) Plaintiff has filed multiple grievances but to no avail. (Id.) Plaintiff requests the Court order Sheriff Stevenson to transfer Plaintiff somewhere other than DCJ. (Id.) On November 26, 2019, Sheriff Stevenson filed his response to Plaintiff's motion arguing Plaintiff is not entitled to an injunction. (Doc. no. 30.) Additionally, on December 2, 2019, Plaintiff filed a motion for the Court to reconsider its November 12, 2019 Order, denying Plaintiff's motion to appoint counsel. (Doc. no. 31.)

## II. DISCUSSION

### A. Plaintiff's Motion for a Temporary Restraining Order

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted); Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga.

2

April 24, 2018) (denying Plaintiff's request for injunctive relief because the relief sought concerned computer access and the suit concerned Defendants failure to protect him from a substantial risk of serious harm), adopted by 2018 WL 2303726 (S.D. Ga. May 21, 2018).

Here, Plaintiff is not entitled to injunctive relief because the matters complained of in his motion concern separate incidents than those alleged in this lawsuit that have nothing to do with Sheriff Stevenson, who is Sheriff of Telfair County not Dodge County. (See doc. no. 1.) Plaintiff's only claim is a First Amendment retaliatory transfer claim based on Sheriff Stevenson's alleged decision to transfer Plaintiff after he complained of TCJ conditions. (Id.) Yet, in Plaintiff's motion, he is asserting DCJ officials are mistreating him while he is detained. (Doc. no. 25.) Because these allegations are factually distinct and concern issues, and prison officials separate from the claim raised in his complaint, injunctive relief is improper.

To the extent Plaintiff also requests prison officials be ordered not to violate Plaintiff's constitutional rights or retaliate against him for filing grievances, it is clearly established that excessive force and retaliating against an inmate for filing a lawsuit or grievances are unconstitutional. Hudson v. McMillian, 503 U.S. 1, 6 (1992); Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting DCJ officials from using excessive force or retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law." See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

### B. Plaintiff's Motion To Reconsider

On December 2, 2019, Plaintiff filed a document titled "Motion to Appeal Appointment of Counsel," wherein he requests appointment of counsel. (Doc. no. 31.) Because the Court denied Plaintiff counsel in its November 12th Order, the Court construes Plaintiff's filing as motion to reconsider the denial of counsel. (Id.) In his motion, Plaintiff argues the same facts he stated in his previous motion and elaborates on some reasons he believes entitle him to appointment of counsel. (Id.) Specifically, Plaintiff argues he does not have access to the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Georgia, DCJ officials continue to not provide Plaintiff with legal references, and, therefore, he cannot properly rebut Sheriff's Stevenson's discovery requests.

As stated in the Court's November 12th Order, there is no entitlement to appointed counsel in a civil rights case such as this one. (Doc. no. 23.) Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Based on Plaintiff's filings, he is more than capable of communicating with the Court and "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Although Plaintiff states he does not know how to proceed with the case or respond to Sheriff Stevenson's discovery requests, his filings show he can adequately communicate with defense counsel and the Court, arguing and explaining the merits of his position. Thus, as Plaintiff's circumstances have not changed from the Court's prior order, Plaintiff's motion to reconsider appointment counsel should be denied. (Doc. no. 31.)

### III.  CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a temporary restraining order be **DENIED**, and Plaintiff's motion to reconsider the Court's November 12th Order be **DENIED**.  (Doc. nos. 25, 31.)

SO REPORTED and RECOMMENDED this 5th day of December, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA