IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. KILLENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-027 |
| | ) | |
| SHERIFF CHRIS STEVERSON, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff, a pretrial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Telfair County Jail in McRae, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP.") Before the Court are Plaintiff's motion to subpoena records and motion to amend his complaint. (Doc. nos. 35, 36.) Defendant did not file a response to either motion. The Court addresses each in turn.

**I.    MOTION TO SUBPOENA RECORDS**

On December 20, 2019, Plaintiff filed a motion to subpoena records, wherein he requests the Court subpoena Plaintiff's documents contained in a kiosk at DCJ so that defense counsel may be able to obtain them. (Doc. no. 36.) Plaintiff further states DCJ officials are not allowing Plaintiff to have access to the kiosk so that he may then produce them to Defendant. (Id.) Based on Plaintiff's motion, it appears Plaintiff is attempting to file a motion to compel on behalf of Defendant so that defense counsel may obtain Plaintiff's

discovery information. (Id.) To the extent Defendant or his counsel are having trouble obtaining discovery information, they may seek relief by their own accord and, if necessary and in compliance with the Federal Rules of Civil Procedure, file a motion. Further, Defendant's lack of response to Plaintiff's motion indicates there is no such trouble obtaining discovery information. Therefore, Plaintiff's motion to subpoena records is **DENIED**. (Doc. no. 35.)

## II. MOTION TO AMEND

Plaintiff also filed a motion to amend the complaint on December 20, 2019, (doc. no, 36), in which he seemingly includes two handwritten pages as his amended complaint. Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading more than twenty-one days after serving it "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be

denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Because Plaintiff signed his motion twenty-two days after the answer was filed on November 21, 2019, (doc. no. 27), Plaintiff may not amend his complaint as a matter of course. Fed. R. Civ. P. 15(a). However, upon examination of Plaintiff's motion and amended complaint, Plaintiff seems to only request to correct the spelling of Sheriff Chris "Stevenson" to "Steverson" and not amend his entire complaint. In his motion and amended complaint, Plaintiff only recounts the events concerning his First Amendment claim against Sheriff Steverson in a conclusory fashion. (Doc. no. 27.) He does not name any new Defendants or raise any additional claims. Thus, the Court **GRANTS** Plaintiff's motion to the extent he is seeking to correct the name of Sheriff Steverson. (Doc. no. 36.) Plaintiff's complaint is deemed amended pursuant to Federal Rule of Civil Procedure 15 to correctly reflect the spelling of Defendant Chris Steverson's name, and the Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Order.

To the extent Plaintiff wishes to amend his complaint entirely, he may refile a motion to amend for the Court's consideration within fourteen days of this order, attaching a complete amended complaint to include all of his allegations in one document.[1] Plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

3

1579507, at *1 (S.D. Ga. June 3, 2009). Any such amended complaint will supersede and replace in its entirety the previous complaint filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Plaintiff is cautioned that because he is proceeding IFP, any amended complaint will be screened by the Court. Should Plaintiff leave out or change information contained in the original complaint, which the Court has already determined arguably states a First Amendment claim, Defendants or claims already in this case may be dismissed. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (a court may dismiss an amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief).

SO ORDERED this 30th day of January, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA